defendant Annpaul Realty Co., Inc., from building upon a right of way or alleyway in which the plaintiffs have an easement for fire exit purposes, under the following reservation contained in a deed by them to defendant's predecessor in title: " Reserving and excepting, nevertheless, to the parties of the first part, their heirs and assigns forever, the right to the use of the five feet wide alleyway, across the rear or westerly extremity of the above described premises, for use as a fire exit from the premises known as No. 5304 5th Avenue, immediately adjoining the above described premises on the south."

*Charles H. Kelby, Louis Goldstein* and *DeWitt Bailey* for appellant.

*Fred L. Gross* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

B. W. LOUGHEED & Co., LTD., Appellant, *v.* YONE SUZUKI et al., Copartners, under the Firm Name of SUZUKI & COMPANY, Respondents.

*Brokers — commissions — contract — action by ship broker to recover commissions for securing charter party of steamship.*

*Lougheed & Co., Ltd.,* v. *Suzuki,* 216 App. Div. 487, affirmed.

(Argued October 21, 1926; decided November 16, 1926.)

APPEAL from a judgment, entered April 30, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing judgment in favor of defendants. The action was to recover commissions as ship broker for securing a charter party for a steamship at defendant's request. The answer set up as separate defenses, *first,* that the services were rendered under a contract that plaintiff should receive for its services a percentage of the hire actually paid by the charterer and if none was paid was to receive nothing; *second,* that it was the custom among ship brokers in the port of New York that under

like charter parties commissions were payable only on hire actually received; *third,* that it was agreed between the parties that in the event of the inability of the defendants for any cause beyond their control to tender the vessel to the charterer before the cancellation date, and the charterer refused to accept delivery, the plaintiff should be entitled to no compensation for its services; that the defendants were unable to tender the vessel to the charterer prior to the cancellation date named in the charter and that the non-delivery of the vessel to the charterer before December 11, 1919, was not due to the negligence, default or any act of the defendants, and that, therefore, no commissions were due.

*Frank W. Chambers, Alfred H. Townley* and *Henry Siegrist* for appellant.

*George C. Sprague* and *H. Victor Crawford* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ.

----

Herman Kraut, Respondent, *v.* Louis Nordlinger, Doing Business under the Name of J. D. Nordlinger, Appellant.

*Contract — sale — waiver — sale of goods to be shipped at stated time via certain route — oral waiver of provisions as to time and route.*

*Kraut* v. *Nordlinger*, 216 App. Div. 409, affirmed.

(Argued October 22, 1926; decided November 16, 1926.)

Appeal, by permission, from a judgment, entered May 4, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which unanimously reversed an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and directed reinstatement of the verdict. The action was to recover the purchase price of merchandise under a written contract providing for " March shipment from Japan to New York via Panama." The goods were not